## Smiley v. Schwarzchild.

*Debts of decedent—Lien on realty—Conveyances in fraud of creditors—Act of May 3, 1909.*

The Act of May 3, 1909, P. L. 386, which enacts that debts of a decedent shall not remain a lien on his real estate for more than two years after his decease, unless, within that period, action has been brought and the action indexed in the judgment index, has no application to land conveyed by him in his lifetime in fraud of creditors; although the conveyance may have been a fraud upon his creditors, as to him and his heirs, it is good.

Rule for judgment. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 7247.

*Leo Belmont*, for plaintiff; *Carr & Krauss*, for defendant.

MARTIN, P. J., Oct. 3, 1923.—A writ of foreign attachment was issued in a suit instituted against a non-resident defendant in the Court of Common Pleas No. 1 of Philadelphia County. On Nov. 22, 1906, a bond, signed by Abraham Dannenbaum, was filed and the attachment dissolved. On Jan. 2, 1907, Abraham Dannenbaum conveyed his real estate, No. 843 North 13th Street, to his son, Harry M. Dannenbaum, who conveyed the property on March 26, 1910, without consideration, to his sister, Lidie Schwarzchild. Abraham Dannenbaum died May 12, 1909. The attachment proceeding in which he entered the bond was tried, a verdict rendered for plaintiff for the sum of $818.35, and judgment was entered on Nov. 25, 1910. Letters of administration upon the estate of Abraham Dannenbaum were granted to his son, Harry M. Dannenbaum. The plaintiff in the attachment proceeding sued the administrator on the bond signed by Abraham Dannenbaum, and judgment was entered against the administrator. Execution was issued and the property, No. 843 North 13th Street, was levied upon and sold by the sheriff to Nathan Smiley on July 16, 1917. On Jan. 25, 1922, Lidie Schwarzchild filed a petition and obtained a rule on Nathan Smiley to show cause why he should not bring an action in ejectment. The rule was made absolute, a summons in ejectment was issued, a declaration and abstract of title were filed on behalf of Nathan Smiley, and a plea and answer by Lidie Schwarzchild. A rule was entered to show cause why judgment should not be entered for defendant on the pleadings. It was claimed that the judgment on the bond against the administrator of Abraham Dannenbaum had ceased to be a lien upon the property, No. 843 North 13th Street, at the time it was sold by the sheriff to Smiley, and that no title was conveyed by the sheriff's deed, as the action against the administrator had not been indexed in the judgment index within two years from the decease of Abraham Dannenbaum.

The Act of May 3, 1909, P. L. 386, enacts that debts of a decedent shall not remain a lien "on the real estate of such decedent" longer than two years after the decease of the debtor, unless within that period action is brought and the action indexed in the judgment index. The property, No. 843 North 13th Street, was not the real estate of the decedent. He conveyed it to his son in his lifetime. The declaration avers that the "conveyance was voluntary and without consideration, and conveyed all the real estate owned by the said Abraham Dannenbaum. The said Abraham Dannenbaum, after said conveyance, did not retain sufficient property to pay his liability on said bond in the event that he was called upon to pay thereunder, nor his other creditors. The intent of the said Abraham Dannenbaum in conveying all his real estate aforesaid to the said Harry M. Dannenbaum was to hinder and defraud his creditors," particularly the plaintiff in the suit upon the attachment bond. In

Smiley v. Schwarzchild.

the plea filed, "the defendant denies that the said property was transferred by the said Abraham Dannenbaum for the purpose of hindering and defrauding the creditors of the said Abraham Dannenbaum, but, on the contrary, she is informed and believes, and, therefore, avers, that the said Harry Dannenbaum did purchase the said property for valuable consideration from the said Abraham Dannenbaum."

If the averments of the declaration are sustained, the conveyance by Abraham Dannenbaum to his son may be set aside as a fraud upon his creditors, but it was a good conveyance as to him and his heirs. If defendant proves, as alleged in the answer, that the transfer of title to the son was not a fraudulent conveyance as to creditors, it cannot be set aside. In either aspect, it was not the real estate of decedent at the time of his death to which the lien of his debts attached, and the Act of May 3, 1909, P. L. 386, has no application.

Rule discharged.

NOTE.—The Act of 1909 is repealed by the Fiduciaries Act of June 7, 1917, P. L. 447, 554. By section 15 (*a*) of the later act, the lien is limited to one year, unless action is brought and indexed within that period, and duly prosecuted to judgment.